Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000687
18-OCT-2019
08:01 AM

NO. CAAP-18-0000687

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
IVETTE M. ALCOCER, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DTA-17-00961)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Hiraoka, JJ.)


Defendant-Appellant Ivette M. Alcocer (**Alcocer**) appeals from a December 20, 2017 Judgment and Notice of Entry of Judgment (**Judgment**) and a July 12, 2018 Amended Judgment and Notice of Entry of Amended Judgment (**Amended Judgment**), both entered by the District Court of the Second Circuit, Wailuku Division (**District Court**).[1] On December 20, 2017, Alcocer was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1)

_____

[1] The Honorable Blaine J. Kobayashi presided at trial and entered the Judgment; the Honorable Kirstin M. Hamman presided over the July 12, 2018 hearing and entered the Amended Judgment.

(Supp. 2017),[2] and Inattention to Driving, in violation of HRS § 291-12 (Supp. 2017),[3] but the issue of restitution was not determined. After a July 12, 2018 hearing, restitution was imposed, and the Amended Judgment was entered.

Alcocer raises two points of error on appeal, contending that: (1) the District Court erred when it allowed improper lay opinion testimony to be admitted into evidence; and (2) there is insufficient evidence to support a conviction on either count.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Alcocer's contentions as follows:

(1) Alcocer objected to the admission of testimony of lay witness Brandon Romero (**Romero**) regarding his opinion on whether Alcocer was under the influence of alcohol when she crashed her car into a nearly thirty-foot-long flatbed truck that

---

[2]    HRS § 291E-61(a)(1) provides:

    **§ 291E-61  Operating a vehicle under the influence of an intoxicant.**  (a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

        (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[3]    HRS § 291-12 provides:

    **§ 291-12  Inattention to driving.**  Whoever operates any vehicle negligently as to cause a collision with, or injury or damage to, as the case may be, any person, vehicle or other property shall be fined not more than $500 or imprisoned not more than thirty days, or both, and may be subject to a surcharge of up to $100, which shall be deposited into the trauma system special fund.

was parked on a street adjacent to the company-rented home where Romero lived.

Romero testified that he is an experienced tow truck driver and on the evening of the incident, while he was in the kitchen of the home, he heard a "big crash" - a loud huge bang - outside, but did not hear any braking. After yelling to his housemates to call an ambulance, Romero headed out to the truck. He opened the driver's door, and a woman, who Romero identified in court as Alcocer, appeared "pretty dazed and confused." Romero testified that Alcocer started talking. He asked her if she was hurt. She said her back hurt, and she "kinda repeated" it. In response to questions from Romero, she said, "Oh, I had a couple [of] drinks."

Romero testified that the front-end of Alcocer's car was severely damaged; the hood and motor of the car were pushed up to the firewall protecting the passenger compartment of the car. The flatbed truck, which weighs at least 20,000 pounds, was pushed uphill at least five or six feet into another truck. Because Alcocer's car was steaming, making loud popping noises, and a lot of different smells were coming out of the car, Romero told Alcocer he was going to pull her out, and he picked her up and set her down on the curb behind the car.

Romero was asked if he had ever observed friends after they ingested alcohol. He replied yes. He was asked about typical signs he saw in his experience with liquor. Alcocer objected, first based on relevance, then based on speculation, and that Romero was not an expert witness. The court allowed the

testimony "viewing the witness' testimony in this regard as his personal observations and experiences with liquor and his personal experiences and observations of people that [] could have been under the influence of liquor." Romero testified that he's seen slurring, swaying, difficulty walking, and other indicators. Romero testified that, as a tow truck driver, he had personal experience dealing with drunk drivers, including more than a hundred times in the last year. The defense raised further objections, including as to speculation, that the questions called for a legal conclusion, and again, as to Romero's lack of expertise. The District Court ruled that "appellate case law is clear that any lay person can give an opinion regarding a person's level of intoxication."

Romero testified that his opinion was that "she was intoxicated. Something wasn't right." He noted Alcocer was swaying, although she did not have a single scratch, and it was like she was limp and had a hard time trying to lift up her arms. Romero stated that Alcocer told him, in response to "a few questions" that she "only had a couple glasses of wine."

On cross-examination, Romero acknowledged that a person can be dazed and confused after an accident, he did not have any special training on how to detect whether a person was intoxicated, and he told the responding police officer that he could not smell liquor on Alcocer.

On appeal, Alcocer argues that the District Court erred in allowing Romero to give improper lay opinion testimony, citing

Hawai'i Rules of Evidence (**HRE**) Rule 704,[4] State v. Pinero, 70 Hawai'i 509, 520-21, 778 P.2d 704, 712 (1989) (Rule 704 "is [not] intended to allow a witness to give *legal* conclusions"), and State v. Vliet, 91 Hawai'i 288, 983 P.2d 189 (1999). The State cites, *inter alia*, State v. Toyomura, 80 Hawai'i 8, 25, 904 P.2d 893, 910 (1995), where the supreme court adopted the principle that "[a] lay witness may express an opinion regarding another person's sobriety, provided the witness has had an opportunity to observe the other person." (Citation and internal quotation marks omitted).

HRE Rule 701 provides:

**Rule 701. Opinion testimony by lay witnesses.**

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness, and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Although opinion testimony is not inadmissible simply because it embraces an ultimate issue to be determined by the trier-of-fact, HRE Rule 704 is not intended to allow questions prompting the witness to give legal conclusions. Vliet, 91 Hawai'i at 296-97, 982 P.2d at 197-98 (citations omitted).

"In Hawai'i, admission of opinion testimony is a matter within the discretion of the trial court, and only an abuse of that discretion can result in reversal." Toyomura, 80 Hawai'i at

---

[4] HRE Rule 704 provides:

**Rule 704. Opinion on ultimate issue.**

Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

23-24, 904 P.2d at 908-09 (citations and brackets omitted). "Generally, to constitute an abuse of discretion, it must appear that the trial court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Id. at 24, 904 P.2d at 909 (citation and brackets omitted).

The supreme court has repeatedly held that any lay person can have an opinion about another person's sobriety, provided that opinion is based on personal observations. Here, the State asked Romero if he was able to form an opinion on whether or not Alcocer was under the influence of alcohol. Romero responded affirmatively, and stated his opinion that Alcocer was intoxicated based on her swaying and Romero's other observations of her. That was the extent of Romero's opinion testimony. Unlike in Vliet, Romero did not attempt to offer a legal conclusion by proclaiming, for example, that she was "over the legal limit," as the police officer did in Vliet. See Vliet 91 Hawai'i at 298, 983 P.2d at 199. Thus, we conclude that the District Court did not abuse its discretion in admitting Romero's opinion that Alcocer was intoxicated.

(2) Alcocer's contention that there is insufficient evidence to support the convictions is without merit. The District Court based its decision on the testimony of Romero, Maui Police Department Officer Darryl Honda (**Officer Honda**), and the totality of the evidence presented at trial.

Officer Honda testified that he arrived on the scene shortly after the accident. He spoke with Alcocer, who said that

she did not remember the crash and could not explain how she got into an accident. Officer Honda noticed that Alcocer's speech was slurred and her eyes were red and watery. She was wearing a paper wristband that said Budweiser on it and admitted that she drank a couple of glasses of wine. He did not administer a field sobriety test because of her reported back injury. Based on his observation of Alcocer and the circumstances of the accident, he believed she was "impaired." Officer Honda noted that Alcocer collided with a vehicle that was completely off the road, not obstructing the road at all. He did not detect the smell of alcohol on Alcocer or see any empty alcoholic beverage containers. He noted she definitely seemed to be in pain. Officer Honda also testified that the whole front of Alcocer's car was damaged and wedged under the flatbed truck with the flatbed portion of the truck all the way to the windshield of the car.

The State was required to prove that Alcocer operated her vehicle while under the influence of alcohol in an amount sufficient to impair her normal faculties or ability to care for herself and guard against casualty. See HRS § 291E-61(a)(1). Viewing the evidence in the light most favorable to the prosecution, we conclude that there was substantial evidence to support the District Court's conclusion that Alcocer was guilty of OVUII in violation of HRS § 291E-61(a)(1).

Alcocer also argues that there was insufficient evidence to convict her of inattention to driving because there was no evidence corroborating Romero's testimony that he did not

hear braking, there were no witnesses to the accident itself, and there is a possibility that the collision was caused by an intervening factor such as a medical emergency or another car on road.

HRS § 291-12 requires "a showing of negligence in the operation of the defendant's vehicle; i.e., the failure to exercise that care which a reasonably prudent person would have exercised under the given circumstances." State v. Mitchell, 94 Hawai'i 388, 401, 15 P.3d 314, 327 (App. 2000) (citations omitted). The mere occurrence of an accident, without more, is insufficient to support a conviction of inattention to driving. Id. However, the fact that a person was OVUII is always germane. Id. Notwithstanding the possibility of alternative scenarios, such as the ones posed by Alcocer, the circumstances surrounding the accident – including the collision with a large flatbed truck that was off the road, in a lane demarked by a white line, the apparent lack of braking as evidenced by Romero's testimony, the damage to Alcocer's car, the evidence of Alcocer's intoxication, and her lack of any explanation whatsoever as to why she collided with the parked truck – were sufficient to show the probability of Alcocer's negligence, "which is all that is required to sustain [her] conviction: We need not determine that the evidence shows negligence as a matter of law but merely that the evidence shows a possibility that negligence could be found as a matter of fact." Id. (citation and internal quotation marks omitted). Thus, we conclude there was substantial evidence to

support the District Court's conclusion that Alcocer was guilty of Inattention to Driving in violation of HRS § 291-12.

For these reasons, the District Court's December 20, 2017 Judgment and July 12, 2018 Amended Judgment are affirmed.

DATED: Honolulu, Hawaiʻi, October 18, 2019.

On the briefs:

Teal Takayama,
Deputy Public Defender,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Keith K Hiraoka

Associate Judge